# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:14-CV-00088-MOC-DSC

| | |
|---|---|
| NATHANIEL G. WEST, | ) |
|       Plaintiff, | ) |
| v. | ) |
| BUNCOMBE COUNTY, NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, CHILD PROTECTIVE SERVICES, ABIGAIL OWOLABI, AMANDA STONE AND VANESSA HILL, | ) **MEMORANDUM AND** <br> ) **RECOMMENDATION AND ORDER** |
|       Defendants. | ) |

**THIS MATTER** is before the Court on "Defendant Amanda Stone's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)," Doc. 6, filed June 3, 2014, and "Defendants Buncombe County Health and Human Services, Child Protective Services, Abigail Owolabi and Vanessa Hill's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)," Doc. 11, filed June 30, 2014 , and the parties' associated briefs and exhibits, Docs. 13-15.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u>, as discussed below.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the pro se Complaint, Doc. 1, as true, Plaintiff purports to assert claims under 42 U.S.C. § 1983 alleging that Defendants failed to notify him about felony child abuse being committed upon his biological son.[1] Plaintiff alleges that the Buncombe County Department of Health and Human Services ("BCHHS"), Child Protective Services ("BCCPS") and the director, Amanda Stone, violated federal law by failing to notify him of twelve child protective service cases over a fifteen year period involving his son. Plaintiff also alleges that Defendants Owolabi and Hill, social workers at BCHHS, failed to notify him when the child's mother admitted to felony child abuse. Plaintiff fails to identify how Defendants' purported inaction violated his constitutional rights.

On June 3, 2014, Defendant Stone filed her Motion to Dismiss, arguing that Plaintiff has failed to allege sufficient facts to support a Section 1983 claim against her in her official or individual capacity. On June 30, 2014, Defendants BCHHS, BCCPS, Owolabi and Hill filed their Motion to Dismiss also arguing that Plaintiff had failed to allege sufficient facts to support a Section 1983 claim against them.

Defendants' Motions have been briefed as set forth above and are ripe for determination.

# II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations

---

[1] There are no claims made on behalf of the minor child. This lawsuit was filed by the father and alleges injuries to him resulting from lack of notice by BCHHS.

must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

Section 1983 provides relief for civil rights violations committed under color of state law. Jenkins v. Medford, 119 F.3d 1156, 1159–60 (4th Cir. 1997). "Under [ ] § 1983, a plaintiff must establish three elements to state a cause of action: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Id. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights

elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, fn. 3 (1979).

### B. Claims against BCHHS and BCCPS

In order to successfully allege a violation of 42 U.S.C. § 1983, Plaintiff must show that a "person" acting under the color of state law violated his constitutional rights. "The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." Avery v. Burke Cnty., 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)). In North Carolina, in the absence of a statute, "the capacity to be sued exists only in persons in being." McPherson v. First & Citizens Nat. Bank of Elizabeth City, 81 S.E.2d 386, 397 (N.C. 1954). "Therefore, departments of municipalities and counties are not susceptible to suit without statutory authorization." Evans v. Pitt Cnty. Dep't of Soc. Servs., 972 F. Supp. 2d 778, 788 (E.D.N.C. 2013). See also, Martin v. Mecklenburg Cnty. Park & Recreation Dep't, No. 3:06–CV–290, 2006 WL 3780418, at *2 (W.D.N.C. Dec. 20, 2006). N.C. Gen. Stat. § 153A–11 provides that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a county's health and human services department. Plaintiff's claims against BCHHS and BCCPS must be dismissed since those entities lack the legal capacity to be sued. See Moua v. Alexander Cnty., No. 5:09–CV–19, 2012 WL 252648, at *6 (W.D.N.C. Jan. 26, 2012) (dismissing § 1983 claims against Alexander County Department of Social Services on grounds that county agency did not have the capacity to be sued). Accordingly, the undersigned recommends that Defendants' Motion to Dismiss be granted and that all claims against Defendants BCHHS and BCCPS be dismissed with prejudice.

### C. Claims against Defendant Amanda Stone

Plaintiff sole allegation against Defendant Stone is that she failed to notify him about twelve child protective services cases involving his son over a fifteen year period. There are no allegations that Stone interfered in his relationship with his son. Plaintiff did not specify whether he was suing Stone in her official or individual capacity.

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in that position would have known of the right. Id.

Determining whether an official is entitled to qualified immunity requires a two-step inquiry. See generally Pearson v. Callahan, 555 U.S. 223 (2009). Courts must consider "whether the facts that a plaintiff has alleged ... or shown ... make out a violation of a constitutional right," and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." Id. at 232 (citations omitted). The court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." Id. at 236.

Plaintiff has failed to establish that he has a constitutional right to be notified about a child protective services case involving his son. There is no case law that establishes such a right under the Fourteenth Amendment. Plaintiff also fails to show how Defendant Stone's conduct falls beyond the outer limits of legitimate government action. Since there is no constitutional right to be notified about a child protective services case, Plaintiff has not alleged a prima facie

case under § 1983.

Since there is no underlying constitution violation, Plaintiff's claim here fails. Accordingly, the undersigned recommends that Defendant Stone's Motion to Dismiss be granted and that all claims against Defendant Stone be dismissed with prejudice.

### D. Claims against Defendants Owolabi and Hill

Plaintiff's sole allegation against Defendants Owolabi and Hill is that they failed to notify him when his son's mother allegedly admitted to felony child abuse. Plaintiff makes no allegations that they interfered in his relationship with his son. There are also no allegations that his son was ever in Defendant's custody. Plaintiff makes new allegations regarding his son's mother in his Response, Doc. 14, that are not contained in the Complaint. Pursuant to Federal Rule of Civil Procedure 7, the undersigned does not consider allegations made outside the pleadings.

The Supreme Court has held that nothing in the language of the Due Process Clause requires the State to protect the life, liberty, and property of its citizens against intrusion by private actors. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). In Doe v. South Carolina Dep't of Soc. Servs., 597 F.3d 163, 170 (4th Cir. 2010), the Fourth Circuit has stated:

> As a general rule, the Due Process Clause works only as a negative prohibition on state action, and the state's failure to protect an individual against private violence simply does not constitute a violation of [it]. Its purpose was to protect the people from the State, not to ensure that the State protected them from each other. Thus, it serves as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security, and does not require governmental actors to affirmatively protect life, liberty, or property against intrusion by private third parties. And, because the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them.

Id. at 170 (quotations and citations omitted).

Defendants have no duty to protect Plaintiff from actions by a third party under the Fourteenth Amendment. Since no constitutional right was abridged, Plaintiff has not alleged a prima facie case under § 1983.

Accordingly, the undersigned recommends that Defendants Owolabi and Hill's Motion to Dismiss be granted and that all claims against them be dismissed with prejudice.

### III. ORDER

IT IS ORDERED that all further proceedings in this action, including all discovery, are STAYED pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

The undersigned respectfully recommends that "Defendant Amanda Stone's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)," Doc. 6, and "Defendants Buncombe County Health and Human Services, Child Protective Services, Abigail Owolabi and Vanessa Hill's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)," Doc. 11, be GRANTED and that the Complaint be DISMISSED WITH PREJUDICE.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315–16 (4th Cir.2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir.1997); Snyder v. Ridenour,

889 F.2d 1363, 1365 (4th Cir.1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n. 3 (4th Cir.2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845–46 (4th Cir.1985); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to defense counsel; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: September 3, 2014

David S. Cayer
United States Magistrate Judge