UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00088-MOC-DSC

| | |
|---|---|
| **NATHANIEL G. WEST,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER OF DISMISSAL |
| **BUNCOMBE COUNTY, NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, CHILD PROTECTIVE SERVICES ABIGAIL OWOLOTI AMANDA STONE VANESSA HILL,** | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). While no objections have been filed within the time allowed, plaintiff, who is proceeding pro se, did file a document entitled "Reply to Defendant's Memorandum to Plaintiff's Response" (#17) two days after the M&R issued. The court has given plaintiff's arguments therein careful consideration in light of the findings of Judge Cayer.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal

1

issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987), overruled on other grounds by Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997) (boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied, 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Plaintiff asserts claims under 42 U.S.C. § 1983 alleging that defendants, county child protective services providers, failed to notify him about felony child abuse being committed upon his biological son. Plaintiff alleges that the Buncombe County Department of Health and

2

Human Services ("BCHHS"), Child Protective Services ("BCCPS") and the director, Amanda Stone, violated federal law by failing to notify him of twelve child protective service cases over a fifteen year period involving his son. Plaintiff also alleges that Defendants Owolabi and Hill, social workers at BCHHS, failed to notify him when the child's mother admitted to felony child abuse. Plaintiff fails to identify how Defendants' purported inaction violated his constitutional rights as the boy's biological father.

After considering defendants' motions to dismiss and plaintiff's responses thereto, Judge Cayer recommended granting the motions to dismiss. As to the county agency defendants, Judge Cayer determined that, as a matter of law, "'departments of municipalities and counties are not susceptible to suit without statutory authorization,'" M&R (#16) at 5 (citation omitted), and were subject to dismissal as they are not entities capable of being sued. Such determination is fully consistent with well settled law. Moua v. Alexander Cnty., No. 5:09–CV–19, 2012 WL 252648, at *6 (W.D.N.C. Jan. 26, 2012). As to county employee Stone, Judge Cayer determined she was entitled to qualified immunity as plaintiff failed to establish, and prevailing law does not require, a constitutional right of biological parents to be notified when a report of child abuse is made against a custodial parent. This court's independent search of Fourteenth Amendment decisions reveals no such established right. As to plaintiff's claims against Defendants Owolabi and Hill (social workers at BCHHS) to the effect that they violated his constitutional rights when they failed to notify him when the child's custodial parent admitted to felony child abuse, Judge Cayer's determination that plaintiff failed to state a claim is fully supported by current law as defendants have no duty to protect plaintiff from actions by a third party under the Fourteenth Amendment. Doe v. South Carolina Dep't of Soc. Servs., 597 F.3d 163, 170 (4th Cir. 2010) (holding that the "Due Process Clause works only as a negative prohibition on state action, and

3

the state's failure to protect an individual against private violence simply does not constitute a violation ….").

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Objections (#17) are **OVERRULED**, the Memorandum and Recommendation (#16) is **AFFIRMED,** defendants' Motions to Dismiss (#6 & #11) are **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter a Judgment consistent with this Order.

Signed: September 29, 2014

Max O. Cogburn Jr.
United States District Judge